UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| FRANKLIN RYAN, | Case No. 3:22-cv-00445-ART-CSD |
|---|---|
| Plaintiff, | ORDER |
| v. | |
| WASHOE COUNTY, *et al.*, | |
| Defendants. | |

*Pro se* Plaintiff Franklin Ryan brings this civil-rights action under 42 U.S.C. § 1983 to redress constitutional violations that he claims he suffered while incarcerated at the Washoe County Detention Facility. (ECF No. 1-1). On October 11, 2022, this Court ordered Plaintiff to file a fully complete application to proceed *in forma pauperis* ("IFP application") or pay the full $402 filing fee by December 12, 2022. (ECF No. 3). Plaintiff was warned the action could be dismissed if he failed to file a fully complete IFP application with all three documents or pay the full $402 filing fee for a civil action by that deadline. (*Id.* at 2). The deadline expired, and Plaintiff did not file a fully complete IFP application or pay the full $402 filing fee. Additionally, the Court's mail to Plaintiff has been returned as undeliverable because he has not updated the Court with his current address. (ECF No. 4).

**I.  DISCUSSION**

District courts have the inherent power to control their dockets, and "[i]n the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal" of a case. *Thompson v. Hous. Auth. of City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action based on a party's failure to obey a court order or comply with local rules. *See Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (affirming dismissal for failure to comply with local rule requiring *pro se* plaintiffs to keep court apprised of

1  address); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987)
2  (dismissal for failure to comply with court order). In determining whether to
3  dismiss an action on one of these grounds, the Court must consider: (1) the
4  public's interest in expeditious resolution of litigation; (2) the Court's need to
5  manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy
6  favoring disposition of cases on their merits; and (5) the availability of less drastic
7  alternatives. *See In re Phenylpropanolamine Prod. Liab. Litig.*, 460 F.3d 1217,
8  1226 (9th Cir. 2006) (quoting *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 130 (9th
9  Cir. 1987)).

10  The first two factors, the public's interest in expeditiously resolving this
11  litigation and the Court's interest in managing its docket, weigh in favor of
12  dismissal of Plaintiff's claims. The third factor, risk of prejudice to defendants,
13  also weighs in favor of dismissal because a presumption of injury arises from the
14  occurrence of unreasonable delay in filing a pleading ordered by the court or
15  prosecuting an action. *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir.
16  1976). The fourth factor—the public policy favoring disposition of cases on their
17  merits—is greatly outweighed by the factors favoring dismissal.

18  The fifth factor requires the Court to consider whether less drastic
19  alternatives can be used to correct the party's failure that brought about the
20  Court's need to consider dismissal. *See Yourish v. Cal. Amplifier*, 191 F.3d 983,
21  992 (9th Cir. 1999) (explaining that considering less drastic alternatives *before*
22  the party has disobeyed a court order does not satisfy this factor); *accord*
23  *Pagtalunan v. Galaza*, 291 F.3d 639, 643 & n.4 (9th Cir. 2002) (explaining that
24  "the persuasive force of" earlier Ninth Circuit cases that "implicitly accepted
25  pursuit of less drastic alternatives prior to disobedience of the court's order as
26  satisfying this element[,]" *i.e.*, like the "initial granting of leave to amend coupled
27  with the warning of dismissal for failure to comply[,]" have been "eroded" by
28  *Yourish*). Courts "need not exhaust every sanction short of dismissal before finally

dismissing a case, but must explore possible and meaningful alternatives." *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986). Because this action cannot realistically proceed until and unless Plaintiff either files a fully complete IFP application or pays the $402 filing fee for a civil action, the only alternative is to enter a second order setting another deadline. But the reality of repeating an ignored order is that it often only delays the inevitable and squanders the Court's finite resources. And because the Court's mail to Plaintiff has been returned as undeliverable, the chance that the order will reach him is low. Setting another deadline is not a meaningful alternative given these circumstances. So the fifth factor favors dismissal.

## II.   CONCLUSION

Having thoroughly considered these dismissal factors, the Court finds that they weigh in favor of dismissal. It is therefore ordered that this action is dismissed without prejudice based on Plaintiff's failure to file a fully complete IFP application or pay the full $402 filing fee in compliance with this Court's October 11, 2022 order. The Clerk of Court is directed to enter judgment accordingly and close this case. No other documents may be filed in this now-closed case. If Plaintiff wishes to pursue his claims, he must file a complaint in a new case.

DATED THIS 30th day of December 2022.

_____
ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE